# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANGEL JOEL GARCIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68967

FILED

FEB 16 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge.

Appellant Angel Joel Garcia argues that his aggregate sentence, which requires him to serve a minimum of 36 years before he is eligible for parole for two counts of murder committed when he was a juvenile, violates the Eighth Amendment.[1] Based upon our review of the record, we conclude that the district court did not err in denying relief.

Garcia first argues that his sentence is the functional equivalent to life without the possibility of parole, in violation of this court's holding in *Boston*, because the aggregate sentence is so long as to deny him a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. However, Garcia provides no cogent argument or legal authority to support his assertion that an aggregate sentence providing for minimum parole eligibility after 36 years

---

[1]It appears that the district court determined that Garcia demonstrated good cause for his failure to raise this claim on direct appeal based on the decisions in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and *State v. Boston*, 131 Nev., Adv. Op. 98, 363 P.3d 453 (2015), which were entered after his direct appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-05642

is the functional equivalent of a sentence of life without the possibility of parole.[2]  Thus, we conclude that Garcia has failed to demonstrate error. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (providing it is the appellant's burden to present relevant authority and cogent argument on appeal).

Garcia further argues that his aggregate sentence violates *Miller* because the district court did not consider factors relating to a juvenile offender's immaturity, impetuosity, family and home environment, and diminished culpability when sentencing him.  We disagree.  The factors relating to a juvenile offender's transient maturity were presented to the district court at sentencing in a report submitted by the defense.  Although the district court only briefly alluded to the report at sentencing, the district court indicated that it had considered the factors and agreed with the information regarding juvenile offenders and their transient maturity.  Nothing in *Miller* requires the district court to outline its reasons for imposing a particular sentence.  Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[2]Notably, Garcia is ineligible for the accelerated parole consideration provided by NRS 213.12135(1)(b) (providing for parole eligibility after serving 20 years for a juvenile offender convicted of murder) because his crimes involve the deaths of two victims, *see* NRS 213.12135(2).

cc: Hon. Jerome M. Polaha, District Judge
Stover & Jordan
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

3